## Medical Care of Poor Children

GAFFORD, Deputy Attorney General, February 4, 1948.—This department is in receipt of your communication requesting an opinion on the following question, involving the administration of the Act of July 5, 1947 (no. 522) viz.:

"Whether the Department of Public Assistance can refuse payment for necessary medical, dental, or surgical treatment for those dependent children who are a financial responsibility of county institution districts."

You state that under the County Institution District Law of June 24, 1937, P. L. 2017, as amended, 62 PS §2201 et seq., certain children are the financial responsibility of county institution districts, that these districts are now paying for medical service to such dependent children, and that various types of programs have been developed to meet the health needs of these children, such as: (1) The rendition of services by medical and dental personnel on the staffs of institutions or agencies; (2) contracts with hospitals and individual practitioners for services; and (3) fee payments to practitioners and agencies who have rendered services.

In 1937, the Legislature of Pennsylvania, as a direct result of the recommendations contained in the "Goodrich Report",[1] abolished all existent poor boards, county mothers' assistance boards and the State Emer-

---

[1] Published on December 15, 1936, entitled: "A Modern Public Assistance Program for Pennsylvania."

gency Relief Board together with all of its subsidiary boards, and established the present system for the administration of poor relief in the Commonwealth.[2] The General Assembly, during that session, adopted the Public Assistance Law of June 24, 1937, P. L. 2051, 62 PS §2501 et seq., The Support Law of June 24, 1937, P. L. 2045, 62 PS §1972 et seq., and the County Institution District Law of June 24, 1937, P. L. 2017, 62 PS §2201 et seq. The result of this legislation is to reduce the assistance organizations in each county to no more than two and to separate home assistance, which is subject to supervision by the State Department of Public Assistance under the Public Assistance Law, from institutional assistance, which is subject to supervision by the State Department of Welfare under the County Institution District Law.[3]

The single purpose of the County Institution District Law is to provide for indigent persons and children needing institutional care.[4] The county commissioners, as officials in charge of the respective institution districts,[5] have both the power and duty, inter alia, to care for any dependent not otherwise cared for, to contract with other local authorities for the care of any such dependent, and to contribute moneys to the county to pay for the county cost of maintaining children in foster homes, institutions, and homes for children.[6] With respect to contributions for medical care, section 406 of the act, 62 PS §2306, provides as follows:

"The commissioners of each county . . . shall have the power to make annual appropriations from the funds of the institution district . . . for the support of any public institution operated, or to any nonprofit

---

[2] Poor District Case No. 1, 329 Pa. 390, 395 (1938).

[3] Poor District Case No. 1, 329 Pa. 390, 396 (1938).

[4] Idem., 329 Pa. 390, 400 (1938).

[5] Idem., 329 Pa. 390, 405 (1938).

[6] Section 401(*a*), (*b*), (*d*), Act of June 24, 1937, P. L. 2017, 62 PS §2301(*a*), (*b*), (*d*).

corporation organized, to give medical care to the dependents and children of the county. . . ."

Thus, it is to be observed that, although the quoted section specifically grants the *power* to the officials of the respective institution districts to make appropriations for the support of certain instutitions whose functions are to give medical care to dependent children, it does not impose upon such officials the *duty* to appropriate funds for such care. A power given to a municipal corporation by statute does not impose an obligation to exercise the power conferred.[7]

Prior to the passage of the Act of July 5, P. L. 1301, by the 1947 session of the General Assembly [8] and the enactment of the School Health Act [9] by the 1945 session, the system for examining the health of the school children of Pennsylvania was provided for in the School Code.[10] Under section 1501 of the code, 24 PS §1501, school districts of the first, second and third class were required to provide annual medical inspections of all pupils of their public schools by medical inspectors appointed by the school directors of each district in conformity with standards prescribed by the Secretary of Health. As to school districts of the fourth class, section 1503 of the code, 24 PS §1503, places a present duty upon the State Department of Health to provide, in such manner as it may determine, medical inspections for all pupils in the public schools by medical inspectors appointed by the Secretary of Health. In the event that the department is unable to provide such inspections because of lack of funds, the aforesaid school districts "may" do so at their own expense. No specific periodic inspections are prescribed by this section. Under section 1501.1 of the code, 24 PS §1501.1, medical inspectors of all school districts are

---

[7] Carr et al. v. The Northern Liberties, 35 Pa. 324 (1860).

[8] Approved July 5, 1947.

[9] School Health Act of June 1, 1945, P. L. 1222, 24 PS §1525.1 et seq.

[10] Sections 1501-1515 of the Act of May 18, 1911, P. L. 309, as amended, 24 PS §1501 et seq.

presently required to make "sight and hearing tests" of the pupils in "such schools" at least once during each school year. Section 1505 of the code, 24 PS §1505, provided that medical inspectors in all school districts should, at least once a year, examine all pupils in the public schools of their respective districts, and give special attention to defective sight, hearing, teeth or other defects specified by the Secretary of Health.

The Act of July 5, 1947, P. L. 1301, the enactment which is the basis of your present inquiry, affected certain provisions of the School Code mentioned in the preceding paragraph. The annual medical inspections of public school pupils required to be made by school districts of the first, second and third class under section 1501 of the code, supra, are now eliminated and in lieu thereof such school districts are charged with the duty of providing medical and dental examinations "in accordance with the provisions of the School Health Act" and the rules and regulations thereunder prescribed by the Secretary of Health (section 2). The requirement for medical inspections by the State Department of Health of public school pupils in fourth class school districts under section 1503 of the code, supra, is continued, except that such inspections are now designated as "examinations" and "inspectors" are designated as "examiners" (section 3). The requirement for annual medical inspections for all public school pupils for defective sight, hearing, teeth or other specified defects prescribed by section 1505 of the code, supra, is expressly repealed (section 6).

The specific section of the Act of July 5, 1947, supra, which gives rise to the question presented by you is section 5, which adds section 1515.1 to the School Code and which reads, in part, as follows:

"If the record of the medical or dental examination *of any child, examined under the School Health Act,* discloses a condition which requires medical, dental or surgical treatment and the parent or guardian

states to the school authorities that he is financially unable to have a physician or dentist of his choice render such care, he shall be advised that the cost of such care will be provided if application is made to the appropriate county board of public assistance, which shall authorize payment for necessary medical, dental or surgical care as assistance, as defined in the standards, rules and regulations to be established by the Secretary of Public Assistance, in consultation with the Secretary of Health and the Superintendent of Public Instruction and with the approval of the State Board of Public Assistance: . . .

"In instances where it appears that the parent or guardian was financially able to pay for the medical, dental or surgical care, for which payment was made on the authorization of a county board of assistance, the Department of Public Assistance shall have full recourse to recover the amounts thus expended from the parent or guardian liable for the support of such child, as provided in the support law." (Italics supplied.)

Since the legislature expressly made the School Health Act the basis of administration of the above quoted section, it is important, in interpreting the latter provisions, that careful consideration be given to the former act.

By the enactment of the School Health Act of June 1, 1945, P. L. 1222, 24 PS §1525.1 et seq., the legislature provided for the establishment of a uniform health program for all children of school age "whether attending, or who should attend, an elementary, grade or high school, either public or private, within the Commonwealth" (section 2). All of the 1,550,000 school children in public, private and parochial schools in this State were at once and without exception brought within the operative scope of the statute.[11]

---

[11] "A Record of Achievement 1943-1945", published by the Commonwealth of Pennsylvania, 1946, page 30.

The purpose of the act, as declared by the legislature and expressed in section 8 thereof, was to establish a complete and permanent medical and dental record "in order to assist in building sound minds and healthy bodies for the youth of Pennsylvania."

Section 3 of the School Health Act, supra,[12] 24 PS §1525.3, specifically required that a complete medical and dental examination be given, at least once in every two years, by medical examiners, appointed or approved by the Secretary of Health, to all children of school age during the time they are members of the first, third, fifth, seventh, ninth, and eleventh grades in any school within the Commonwealth. Section 13 of the act specifically provides that the required medical examination is in lieu of all other medical examinations provided for by law for children who are members of the designated grades. While objections to such examinations on religious grounds may provide a basis for exemption in certain cases,[13] the only children of school age excepted from the act are those who provide local school officials with reports of medical or dental examinations made at their own expense, by medical or dental examiners of their own choice, on forms approved by the State Department of Health.[14] School districts of the first, second and third class, which under section 2 of the Act of July 5, 1945, supra, are initially required to provide for these examinations at their own expense, are compensated by the Commonwealth, from appropriations made to the Department of Health, at a specified statutory rate for each medical and dental examination performed.[15]

In order to expand the health program established under the School Health Act of 1945 for the children of Pennsylvania, the 1947 session of the legislature

[12] Amended by the Act of June 28, 1947, P. L. 1005.
[13] Section 11, 24 PS §1525.11.
[14] Section 12, 24 PS §1525.12.
[15] Section 14, 24 PS §1525.14.

increased the appropriation for the administration of the act from $4,000,000 to $7,000,000.[16]

When we construe section 5 of the Act of July 5, 1947, supra, in conjunction with the provisions of the School Health Act, as we are bound to do in conformity with the specific legislative direction contained in the former provision, we are impelled to the conclusion that the above section was adopted as a health measure rather than a school measure, and applied to *every child of school age* in the Commonwealth. Where such child requires medical, dental or surgical care, as disclosed by the report of his examination under the School Health Act, and there is a financial inability on the part of his parent or guardian to provide it, it "will be provided" upon application made to the local board of public assistance which "shall authorize payment" for such care under standards established by the Secretary of Public Assistance, in consultation with the Secretary of Health and the Superintendent of Public Instruction, and with the approval of the State Board of Public Assistance, and in instances where such care is furnished at the Commonwealth's expense and the parent or guardian of the child receiving the treatment was financially able to pay for the same, recourse may be had by the Department of Public Assistance against such parent or guardian to recover the amounts expended for such care in accordance with the provisions of The Support Law.

There is no exception contained in the aforesaid provision which exempts dependent children of county institution districts from its terms. The latter are State agencies [17] whose obligations are paid for by their own funds raised by county taxing authorities.[18] They are responsible for the support of those dependent per-

---

[16] The General Appropriation Act of 1947, Act No. 94-A, approved July 9, 1947.

[17] Chester County Institution District et al. v. Commonwealth et al., 341 Pa. 49 (1941).

[18] Act of June 24, 1937, P. L. 2017, sec. 307, 62 PS §2257.

sons and children having a settlement therein, who are "not otherwise cared for." [19] Although, by reason of the unlimited scope of the School Health Act, dependent children of school age of county institution districts, the same as any other children of like age, would receive the prescribed medical and dental *examinations* at the expense of the Commonwealth, they would, nevertheless, be subject to the same limitation with respect to receiving, without cost, the necessary medical, dental and surgical *treatment* for conditions disclosed by those examinations, as any other child who seeks to come within the provisions of section 5 of the Act of July 5, 1947, supra. In the latter case, the parent or guardian of such child must be financially unable to pay for such treatment and must make the necessary application to the appropriate county board of assistance before payment can be authorized. Similarly, for a county institution district to avail itself of the benefits of those statutory provisions, it likewise, would have to be financially unable to pay for the treatment, by reason of lack of funds, and it would be required to submit the necessary application to the county board of assistance.

We are, therefore, of the opinion and you are accordingly advised that, with respect to those children who are dependents of a county institution district under the County Institution District Law of June 24, 1937, P. L. 2017, as amended, 62 PS §2201 et seq., and whose records of medical or dental examination under the School Health Act of June 1, 1945, P. L. 1222, 24 PS §1525.1 et seq., disclose conditions requiring medical, dental or surgical treatment, the cost of the same is payable by the Commonwealth, from the appropriation made to the Department of Public Assistance, upon authorization of the appropriate county board of public assistance in accordance with the standards, rules and regulations made under, and the provisions of

---

[19] Idem. Section 401 (*a*), 62 PS §2301 (*a*).

section 5 of the Act of July 5, 1947, P. L. 1301, in all cases where the said institution district, because of lack of funds, is financially unable to pay for such treatment and the proper authorities of said institution district make the requisite application to the appropriate county board of public assistance.